# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINA FRIAS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA) INC.,<br><br>Defendant. | Case No. 1:20-cv-00403-AWI-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 17) |

Josefina Frias, on behalf of herself and all others similarly situated, filed this action in the Fresno County Superior Court and it was removed to the Eastern District of California. (ECF No. 1.) On April 12, 2021, the matter was stayed for the parties to participate in mediation. (ECF No. 16.) On July 8, 2021, the parties filed a stipulation to dismiss this action without prejudice under Rule 41(a). (ECF No. 17.)

Rule 41 provides that the parties may voluntarily dismiss an action by a stipulation of dismissal signed by all who have appeared, but this matter is subject to Rule 23(e). Fed. R. Civ. P 41(a)(1)(ii). Pursuant to Rule 23(e) the claims, issues or defenses of a class that has been certified or is proposed to be certified for the purposes of settlement can only be settled, voluntarily dismissed, or compromised with the court's approval. Fed. R. Civ. P. 23(e).

On December 1, 2003, Rule 23(e) was amended to allow the "parties to a proposed class

1

action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified." Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); see also Appeals by named plaintiffs and defendants, 4 Newberg on Class Actions § 14:11 (5th ed.) ("Rule 23 requires judicial approval of the settlement of certified cases only."). "The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification." Sample, 2012 WL 1880661, at *3 (quoting Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").) "The drafters of the amendments intended to 'limit the reach of judicial approval' of voluntary dismissals of class action." Sample, 2012 WL 1880661, at *3 (quoting Alexandra N. Rothman, Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of NonClass Mass Settlement, 80 Fordham L.Rev. 319, 330 (citing Fed. R. Civ. P. 23, Summary of Proposed Amendments (Nov. 18, 2002) (explaining that approval "is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case, putative class members are not bound by the settlement")). While the voluntary dismissal has been considered problematic, the revised rule does allow the parties to voluntarily dismiss the action without court approval where the class has not been certified. Sample, 2012 WL 1880661, at *3; see also Voluntary dismissal, 2 McLaughlin on Class Actions § 6:1 (17th ed.) ("where no class has been certified, voluntary dismissal or settlement of a putative class action in federal court is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure".)

    Here, no class has been certified and the matter is being dismissed as to all parties without prejudice so that a consolidated complaint can be filed in an action currently proceeding in state court. Accordingly, the Court finds that dismissal does not require a court order under Rule 23(e).

    In light of the stipulation of the parties, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been

dismissed without prejudice.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **July 9, 2021**

UNITED STATES MAGISTRATE JUDGE